**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:19-cr-0080 |
| ) | |
| **MALACHI BENJAMIN,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is the is the motion of Malachi Benjamin ("Benjamin") to continue the November 2, 2020 trial in this matter. (ECF No. 40.) For the reasons stated herein, the time to try this case is extended up to and including November 16, 2020.

On December 18, 2019, a federal grand jury returned an indictment against Benjamin charging him with possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1). The trial is currently set for November 2, 2020.

On October 19, 2020, Benjamin filed a motion to continue the trial date. (ECF No. 40.) As a basis for his request, Benjamin asserts that his counsel has been unable to discuss discovery with Benjamin because the federal facility where Benjamin is detained—the Metropolitan Detention Center in Guaynabo, Puerto Rico ("MDC Guaynabo")—has been closed to visitation during the COVID-19 pandemic. *Id.* at 2. Additionally, Benjamin asserts that his counsel needs to interview a witness who is also incarcerated. *Id.*

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice. First, an extension of time is necessary to allow Benjamin time to review the discovery in this matter. Second, an extension of time is necessary to allow Benjamin's counsel time to interview witnesses. Third, without an extension, Benjamin would be denied reasonable time necessary to properly prepare for trial in consultation with his counsel.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice'

*United States v. Benjamin*
Case No. 3:19-cr-0080
Order
Page 2 of 2

continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982) (holding there was no abuse of discretion where district court found that multiple count, multiple defendant "case was complex and required additional time for adequate preparation."); *cf. United States v. Santiago-Becerril*, 130 F.3d 11, 17 (1st Cir. 1997) (explaining that, where a defendant had moved to continue his trial due to his counsel's unavailability, the "period of delay" caused by an ends of justice continuance includes the time "reasonably required to schedule a new trial date" in "consideration of the court's calendar").

The premises considered, it is hereby

**ORDERED** that Benjamin's motion to continue the trial in this matter, ECF No. 40, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through November 16, 2020, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; and it is further

**ORDERED** that the trial in this matter previously scheduled for November 2, 2020, is **RESCHEDULED** to commence promptly at 9:00 A.M. on November 16, 2020, in St. Thomas Courtroom 1 before District Judge Robert A. Molloy.

**Dated:** October 21, 2020                    /s/ *Robert A. Molloy*
                                                **ROBERT A. MOLLOY**
                                                **District Judge**